**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 26-cv-20329-JB**

GABRIEL JOSE CARRENO-
MENDEZ,

      Petitioner,

v.

KRISTI NOEM, DHS SECRETARY,
*et al.*,

      Respondents.

_____/

**<u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

**THIS CAUSE** comes before the Court upon Petitioner Gabriel Jose Carreno-

Mendez's Verified Petition for Writ of Habeas Corpus (the "Petition").  ECF No. [1].

Respondents[1] filed a Return opposing the Petition and Petitioner filed a Reply.  ECF

Nos. [12], [13].  On March 26, 2026, the Court held a hearing on the Petition.  ECF

---

[1] Petitioner originally included the Department of Homeland Security (DHS); the Secretary of DHS Kristi Noem; United States Immigration and Customs Enforcement (ICE); the Senior Official Performing the Duties of the Director, Toddy Lyons; and ICE Field Office Director for the Miami Field Office, Garrett J. Ripa. ECF No. [1]. CITE.  Respondent opposed and stated that several of the named respondents were improperly included in this habeas action because Petitioner's immediate custodian was Assistant Field Office Director Charles Parra. ECF No. [12] at 3, n. 1.  Therefore, Respondent states that the other respondents should be dismissed.  *Id.*  Petitioner now acknowledges that ICE Field Office Director for the Miami Field Office, Garret J. Ripa, was his immediate custodian and requests the dismissal of the remaining Respondents.  ECF No. [13] at 2.  Therefore, the Court finds that ICE Field Office Director for the Miami Field Office, Garret J. Ripa is the proper Respondent and dismisses all others.

No. [18].  Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **DENIED**.

## I.   FACTUAL BACKGROUND

Petitioner is a Venezuelan citizen who has resided in the United States since June 2022.  ECF Nos. [1] ¶¶ 4, 6, [12] at 2, [12-1].  Petitioner has no criminal history. ECF No. [12-1] at 2.  On or about June 27, 2022, the time of his initial encounter with Customs and Border Protection ("CBP"), CBP determined that Petitioner was not in possession of valid documents to enter or reside in the United States and was present in violation of section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1182 (a)(7)(A)(i)(I).  ECF No. [12-3] ¶10.  CBP released Petitioner on parole on the same day, pursuant to section 212(d)(5) of the INA.[2]  ECF Nos. [12-2], [12-3] ¶11.  Petitioner's parole expired on August 26, 2022, and on December 30, 2025, ICE ERO encountered and apprehended Petitioner.  ECF Nos. [12-1] at 2, [12-2], [12-3] ¶12.

On December 30, 2025, as Petitioner was reporting to the Alternative to Detention Unit, he was detained by Immigration and Customs Enforcement ("ICE") and taken into custody.  ECF No. [12-3] ¶ 14.  He was subsequently issued a Notice and Order of Expedited Removal.  ECF Nos. [12-3] ¶16, [12-4]. Petitioner is currently

---

[2] In his Petition, Petitioner alleges two separate parole dates.  ECF No. [1] ¶ ¶ 7, 15. Specifically, Petitioner lists August 26, 2022, and August 26, 2023.  *Id.*  However, the parole document attached to the Petition lists the parole date as June 27, 2022, and an expiration date of August 26, 2022.  *Id.* at 7.  There is no dispute that his parole expired on August 26, 2022.

being held by ICE at the Florence Service Processing Center in Florence, Arizona.[3]
ECF No. [12-3] ¶ 17.

Petitioner's designation for expedited removal is reflected in two documents
that CBP issued on December 30, 2025.  In particular, CBP issued a Record of
Deportable/Inadmissible Alien charging Petitioner under Section 212(a)(7)(A)(i)(I) of
the INA with being an "immigrant without an immigrant visa" and reflecting his
"disposition" as "Expediated Removal."  ECF No. [12-1] at 2.  Similarly, on December
30, 2025, CBP issued a Notice and Order of Expedited Removal "pursuant to 8 U.S.C.
§ 1225(b)(1)."  ECF No. [12-4] at 1.

## II.   THIS ACTION

On January 17, 2026, Petitioner filed the instant Petition in which he raises
three claims.  ECF No. [1].  Count I alleges that Respondents' attempt to subject
Petitioner to expedited removal is unlawful.  *Id* ¶ 14−16.  Count II alleges that
Petitioner's removal without a hearing before an immigration judge violates
Petitioner's statutory right to seek asylum.  *Id.*  ¶¶ 17–19. Count III alleges that
Petitioner's removal without notice, hearing, and judicial review violates
fundamental due process protections.  *Id.* ¶¶ 20–21.  Petitioner requests that the

---

[3] Petitioner represents that when he filed this petition on January 17, 2026, he was
physically detained at the Krome Detention Center in Miami, Florida. ECF No. [1] ¶
2.  Because Petitioner initially filed his petition in the district in which he was
detained, the Court has jurisdiction despite his subsequent transfer to a facility in
Arizona.  *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government
moves a habeas petitioner after he properly files a petition naming his immediate
custodian, the District Court retains jurisdiction and may direct the writ to any
respondent within its jurisdiction who has legal authority to effectuate the prisoner's
release.").

Court require Respondents to cease expedited removal proceedings, and place him in INA § 240 removal proceedings before an Immigration Judge. *Id.* at 4.

## III.   ANALYSIS

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Here, however, Petitioner does not contest his detention. ECF No. [1]. Instead, Petitioner contests whether he is subject to expedited removal. *Id.* Specifically, Petitioner alleges that the December 30, 2025, expedited removal order issued for him under the expedited removal statute, 8 U.S.C. § 1225 (b), was unlawful. ECF No. [1] ¶¶14−16. Citing § 1225 (b)(1)(A)(iii)(II), Petitioner argues that he was ineligible for expedited removal because he was paroled into the United States and has been continuously present in the United States for more than two years. *Id.* ¶ 14. In his reply, Petitioner similarly claims that he is not eligible for expedited removal because 1) he has been continuously present in the United States for more than two years, 2) he was paroled into the United States as a matter of law, and 3) he was served a Notice and Order of Expedited Removal and Determination of Inadmissibility more than three years after being released into the country. ECF No.

4

[13] at 4. Petitioner therefore seeks this Court's review of the Immigration authorities' determinations as to each of these issues.

At its core, the Petition is challenging his final order of removal. *See* ECF No. [1]. Moreover, judicial review of Petitioner's expedited removal order issued under § 1225(b)(1) is governed by 8 U.S.C. § 1252. *See Diaz Del Cid v. Barr*, 394 F. Supp. 3d 1342, 1345 (S.D. Fla. 2019) (citing *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 426 (3d Cir. 2016) ("This statute narrowly circumscribes judicial review for expedited removal orders issued pursuant to § 1225(b)(1).")). Under § 1252(a)(2)(A):

> [n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision...no court shall have jurisdiction to review—
>
> (i) except as provided in subsection (e), any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title.

The plain language of the jurisdiction-stripping provisions § 1252(a)(2)(A)(i) precludes this Court's review of Petitioner's habeas petition to the extent that he seeks review of the expedited removal order.

Similarly, because Petitioner's detention arises from and is related to the expedited removal order, review of his challenge to his detention is also limited by § 1252(a) and (e)'s limiting provisions. *See Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 165 (3d Cir. 2018) (" 'Relating to' is typically construed as having a broad, expansive meaning, including in the immigration context.") (citing *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) ("The ordinary meaning of

these words ['relating to'] is a broad one."); *Aguilar v. U.S. Immigration. & Customs Enf't Div. of Dep't of Homeland Sec.*, 510 F.3d 1, 10 (1st Cir. 2007) (suggesting that, for purposes of a different provision of § 1252, "relating to" could be used to mean "to sweep within its scope claims with only a remote or attenuated connection" to the underlying removal)). Simply because Petitioner was released on parole when he entered the United States in June 2022 does not change this conclusion. *Duran Orozco v. U.S. Att. Gen.*, 1:26-cv-20553 (S.D. Fla. Feb. 4, 2026) (finding that the petitioner's initial release on parole did not change his initial status).

Moreover, the matter is not subject to review under habeas review. As noted above, subsection (e) permits review through habeas corpus proceedings, however, that is limited to determinations of – "(A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under § 1225(b), and (C) whether the petitioner can prove, by a preponderance of the evidence that he is an alien lawfully admitted for permanent residence. . . or has been granted asylum under section 1158 of this title." § 1252(e)(2)(A) −(C). Petitioner's claims do not challenge any of these determinations. Indeed, Petitioner does not challenge (nor could he) the determination of whether he is an alien, whether he was ordered removed, or whether he can prove he is an alien who was lawfully admitted for permanent residence or has been granted asylum. *See Torrez v. Swacina*, No. 20-20650-CIV-Altonaga, 2020 WL 13551822, at *3–4 (S.D. Fla. Apr. 17, 2020) (finding court lacked jurisdiction to review petitioner's habeas challenge to expedited removal proceedings based on challenge to determination of whether he had previously been removed); *Diaz Del*

*Cid*, 394 F. Supp. 3d at 1345 (finding challenge to timing of credible fear interview foreclosed by Section 1252(e)).

Accordingly, this Court agrees with Respondent that the Court does not have jurisdiction to review the Petition.

## A. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      Petitioner Gabriel Jose Carreno-Mendez's Verified Petition for Writ of Habeas Corpus, ECF No. [1], is **DENIED**.

2.      The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 6th day of April, 2026.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**